IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-50196
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS ANTONY DAWSON, a/k/a MARCUS
ANTHONY DAWSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CR-538-ALL
_____
November 7, 2001

Before POLITZ, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Marcus Antony Dawson, a/k/a Marcus Anthony Dawson, appeals a guilty-

plea conviction for possession of an unregistered firearm in violation of 26 U.S.C. §

5861(d).

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Advancing sentencing issues, Dawson contends that the trial court erred in denying a three-level downward adjustment for acceptance of responsibility and in giving him a two-level upward adjustment. This court is precluded from reviewing these issues as Dawson expressly waived them in his written guilty plea.[1] We therefore DISMISS the appeal as to those claims.

Dawson also maintains that the district court abused its discretion in imposing a three-month upward departure from the sentencing guideline range. We review an upward departure for abuse of discretion.[2] There is no abuse of discretion if the judge provides acceptable reasons for departure and the degree of departure is reasonable.[3]

In Dawson's case, the trial court articulated that any one of six factors justified upward departure. From the facts to which Dawson agreed in the factual basis, a three-month departure is not unreasonable.[4] Accordingly, the judgment of the district court as to this claim is AFFIRMED.

DISMISSED IN PART; AFFIRMED IN PART.

---

[1]United States v. Portillo, 18 F.3d 290 (5th Cir. 1994).

[2]United States v. Ashburn, 38 F.3d 803 (5th Cir. 1994).

[3]United States v. Clements, 73 F.3d 1330 (5th Cir. 1996).

[4]Cf. Ashburn, 38 F.3d at 807 (affirming sentence almost twice guideline range).